# Supreme Court of Florida

_____

No. SC19-108
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF CIVIL
PROCEDURE–2019 REGULAR-CYCLE REPORT.**

December 5, 2019
<u>**CORRECTED OPINION**</u>

PER CURIAM.

We have for consideration The Florida Bar's Civil Procedure Rules

Committee's (the Committee) regular-cycle report of proposed amendments to the

Florida Rules of Civil Procedure. *See* Fla. R. Jud. Admin. 2.140(b). We have

jurisdiction[1] and adopt the majority of the Committee's proposals.

## BACKGROUND

The Committee proposes amendments to rules 1.090 (Time); 1.350

(Production of Documents and Things and Entry Upon Land for Inspection and

Other Purposes); 1.380 (Failure to Make Discovery; Sanctions); 1.442 (Proposals

for Settlement); 1.510 (Summary Judgment); 1.540 (Relief from Judgment,

_____

1. *See* art. V, § 2(a), Fla. Const.

Decrees, or Orders); 1.610 (Injunctions); 1.650 (Medical Malpractice Presuit Screening Rule); 1.730 (Completion of Mediation); 1.830 (Voluntary Binding Arbitration); forms 1.902 (Summons); 1.923 (Eviction Summons/Residential); 1.984 (Juror Voir Dire Questionnaire); 1.996(a) (Final Judgment of Foreclosure); 1.996(b) (Final Judgment of Foreclosure for Reestablishment of Lost Note); and Appendix I—Standard Interrogatories Forms, form 1 (General Personal Injury Negligence—Interrogatories to Plaintiff), and form 2 (General Personal Injury Negligence—Interrogatories to Defendant). The Committee also proposes new rule 1.535 (Remittitur and Additur) and new form 1.952 (Proposal for Settlement). Consistent with Florida Rule of Judicial Administration 2.140(b)(2), the Committee published its proposals for comments prior to filing them with the Court. The Committee received one comment concerning proposed new form 1.952 (Proposal for Settlement), but the Committee declined to revise its proposal. The Board of Governors of The Florida Bar unanimously approved all the Committee's proposals. After the Committee filed its report, the Court published the proposals for comments. The Court received two comments. One comment suggested a revision to proposed new rule 1.535 (Remittitur and Additur). The other addressed the proposed amendments to rule 1.442 (Proposals for Settlement). After considering the comments, the Committee revised proposed new rule 1.535 but declined to revise the proposed amendment to rule 1.442.

**AMENDMENTS**

After considering the Committee's proposals, the comments thereon, and the Committee's response, we adopt the majority of the Committee's proposals. We adopt proposed new rule 1.535 (Remittitur and Additur) with some modifications. We decline, at this time, to amend rule 1.442 (Proposals for Settlement) and to adopt proposed new form 1.952 (Proposal for Settlement). We discuss the more significant amendments below.[2]

Subdivision (b)(1) (Failure to Comply with Order) of rule 1.380 (Failure to Make Discovery; Sanctions) is amended to allow courts to find a deponent in contempt if he or she refuses to obey a court order directing the deponent to produce documents.

Subdivision (a) of new rule 1.535 (Remittitur and Additur) requires a party to serve a motion for remittitur or additur within the time provided in rule 1.530(b) and requires the motion to specify the applicable law that is the basis of the motion, the amount the movant contends the verdict should be, and either the specific evidence that supports the amount stated or a statement of the improper elements of damages. Subdivision (b) of the new rule, which we have revised, requires that if a motion for remittitur or additur is granted, the court must state the

_____

2. A number of nonsubstantive editorial amendments are made throughout the rules and forms.

- 3 -

specific statutory criteria relied on when granting the motion.  Finally, subdivision (c) of the new rule provides that any party that is adversely affected by an order granting remittitur or additur may reject the award and elect a new trial on the issue of damages only within fifteen days of such order.

Subdivision (b) (Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.) of rule 1.540 (Relief from Judgment, Decrees, or Orders) is amended to clarify that the term "judgment" includes final "orders" for purposes of rule 1.540(b)(4).

Rule 1.610 (Injunctions) is amended to provide that if an order granting a temporary injunction fails to provide a timeframe within which the bond must be posted, the bond shall be posted within five days of entry of the order setting the bond.

Form 1.984 (Juror Voir Dire Questionnaire) is amended to include a new paragraph 6 that asks the level of education of the juror.  The rest of the paragraphs are renumbered to accommodate the new paragraph.

Finally, paragraph 6 of forms 1.996(a) (Final Judgment of Foreclosure) and 1.996(b) (Final Judgment of Foreclosure for Reestablishment of Lost Note) is amended to clarify that the person named on the certificate of title will be let into possession of the property "subject to the rights of a tenant occupying residential premises pursuant to section 83.561, Florida Statutes" by adding the quoted

- 4 -

language at the end of the paragraph. This is to comply with section 83.561(1)(c), Florida Statutes (2019) (Termination of Rental Agreement upon Foreclosure), and to make readers aware of the statute.

## CONCLUSION

Accordingly, we amend the Florida Rules of Civil Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2020, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Ardith Michelle Bronson, Chair, and Scott Michael Dimond, Past Chair, Civil Procedure Rules Committee, Miami, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Kurt E. Alexander of Rigdon Alexander & Rigdon, LLP, Merritt Island, Florida; and Eleni Blumenfeld-James of Aderant, Culver City, California,

Responding with comment

**APPENDIX**

**RULE 1.090.        TIME**

**(a)**    [No Change]

**(b)        Enlargement.**

**(1)        In General.** When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion ~~(1)~~ :

**(A)**    with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order~~,~~; or ~~(2)~~

**(B)**    upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect~~,~~.

**(2)        Exceptions.** ~~but it~~The court may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.

**(c)** - **(d)**      [No Change]

**RULE 1.350.        PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES**

**(a)    Request; Scope.** Any party may request any other party (1) to produce and permit the party making the request, or someone acting in the requesting party's behalf, to inspect and copy any designated documents, including electronically stored information, writings, drawings, graphs, charts, photographs, ~~phono-records~~audio, visual, and audiovisual recordings, and other data compilations from which information can be obtained, translated, if necessary, by

the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of rule 1.280(b) and that are in the possession, custody, or control of the party to whom the request is directed; (2) to inspect and copy, test, or sample any tangible things that constitute or contain matters within the scope of rule 1.280(b) and that are in the possession, custody, or control of the party to whom the request is directed; or (3) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on it within the scope of rule 1.280(b).

**(b) - (d)**    [No Change]

**Committee Notes**

[No Change]

**RULE 1.380.**    **FAILURE TO MAKE DISCOVERY; SANCTIONS**

**(a)**    [No Change]

**(b)**    **Failure to Comply with Order.**

(1)    If, after being ordered to do so by the court, a deponent fails to be sworn or to answer a question after being directed to do so by the court or produce documents, the failure may be considered a contempt of the court.

(2)    [No Change]

**(c) - (d)**    [No Change]

**(e)**    **Failure to Preserve Electronically Stored Information; Sanctions for Failure to Preserve.** Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good faith operation of an electronic information system. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

- 7 -

(1)     upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2)     only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A)     presume that the lost information was unfavorable to the party;

(B)     instruct the jury that it may or must presume the information was unfavorable to the party; or

(C)     dismiss the action or enter a default judgment.

**Committee Notes**

**1972 Amendment - 2013 Amendment.**     [No Change]

**2019 Amendment.** Subdivision (e) of this rule was amended to make it consistent with Federal Rule of Civil Procedure 37(e).

**RULE 1.510.     SUMMARY JUDGMENT**

**(a) – (e)**     [No Change]

**(f)     When ~~Affidavits~~Facts Are Unavailable to the Nonmovant.** If it appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g)**     [No Change]

**Committee Notes**

[No Change]

## RULE 1.535      REMITTITUR AND ADDITUR

(a)     Within the time provided in rule 1.530 (b), any party may serve a motion for remittitur or additur. The motion shall state the applicable Florida law under which it is being made, the amount the movant contends the verdict should be, and the specific evidence that supports the amount stated or a statement of the improper elements of damages included in the damages award.

(b)     If a remittitur or additur is granted, the court must state the specific statutory criteria relied on.

(c)     Any party adversely affected by the order granting remittitur or additur may reject the award and elect a new trial on the issue of damages only by filing a written election within 15 days after the order granting remittitur or additur is filed.

### Committee Notes

**2019 Adoption.** Subdivision (a) defines a "proper motion" as referenced in section 768.74, Florida Statutes. A motion that does not provide for an amount that the movant believes was proven by the evidence at trial is not a proper motion. *Hendry v. Zelaya*, 841 So. 2d 572 (Fla. 3d DCA 2003).

Subdivision (b) is to assist the appellate court in its review of the order granting remittitur or additur. *Moore v. Perry*, 944 So. 2d 1115 (Fla. 5th DCA 2006) (finding the order deficient for lack of specific reasons for granting the order, but finding sufficient support in comments by the court at the hearing). *See also Kovacs v. Venetian Sedan Service, Inc.*, 108 So. 2d 611 (Fla. 3d DCA 1959) (indicating that an order granting remittitur must state the specific reasons for remittitur because it will convert to an order granting new trial if not accepted); *Adams v. Saavedra*, 65 So. 3d 1185 (Fla. 4th DCA 2011).

Subdivision (c) provides for a time limit to exercise the right to elect a new trial established in *Waste Management, Inc. v. Mora*, 940 So. 2d 1105 (Fla. 2006).

**RULE 1.540.        RELIEF FROM JUDGMENT, DECREES, OR ORDERS**

**(a)**    [No Change]

**(b)    Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons:

(1) – (3)    [No Change]

(4)    that the judgment, ~~or~~ decree, or order is void; or

(5)    that the judgment, ~~or~~ decree, or order has been satisfied, released, or discharged, or a prior judgment, ~~or~~ decree, or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment, ~~or~~ decree, or order should have prospective application.

The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment, ~~or~~ decree, or order or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment, ~~or~~ decree, or order for fraud upon the court.

Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.

**Committee Notes**

[No Change]

**RULE 1.610.       INJUNCTIONS**

**(a)**     [No Change]

**(b)      Bond.** No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. <u>Unless otherwise specified by the court, the bond shall be posted within 5 days of entry of the order setting the bond.</u> When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.

**(c) – (d)**     [No Change]

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]

**RULE 1.650.       MEDICAL MALPRACTICE PRESUIT SCREENING RULE**

**(a) – (b)**     [No Change]

**(c)     Discovery.**

**(1)**     [No Change]

**(2)      Procedures for Conducting.**

**(A)      Unsworn Statements**. The parties may require other parties to appear for the taking of an unsworn statement. The statements shall only be used for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the

- 11 -

unsworn statement of any party shall give reasonable notice in writing to all parties. The notice shall state the time and place for taking the statement and the name and address of the party to be examined. Unless otherwise impractical, the examination of any party shall be done at the same time by all other parties. Any party may be represented by an attorney at the taking of an unsworn statement. Statements may be transcribed or electronically or stenographically recorded, or audiovisually recorded on video tape. The taking of unsworn statements of minors is subject to the provisions of rule 1.310(b)(8). The taking of unsworn statements is subject to the provisions of rule 1.310(d) and may be terminated for abuses. If abuses occur, the abuses shall be evidence of failure of that party to comply with the good faith requirements of section 766.106, Florida Statutes.

**(B) - (C)**     [No Change]

**(3)**     [No Change]

**(d)**     [No Change]

## Committee Notes

[No Change]

## RULE 1.730.     COMPLETION OF MEDIATION

**(a)**     [No Change]

**(b)     Agreement.** If a partial or final agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any. The agreement shall be filed when required by law or with the parties' consent. A report of the agreement shall be submitted to the court or a stipulation of dismissal shall be filed. By stipulation of the parties, the agreement may be transcribed or electronically or stenographically recorded. In such event, the transcript may be filed with the court. The mediator shall report the existence of the signed or transcribed agreement to the court without comment within 10 days thereof. No agreement under this rule shall be reported to the court except as provided herein.

**(c)**     [No Change]

**Committee Notes**

[No Change]

**RULE 1.830.    VOLUNTARY BINDING ARBITRATION**

**(a) - (b)**    [No Change]

**(c)    Arbitration Decision and Appeal.**

(1) – (2)    [No Change]

(3)    If no appeal is filed within the time period set out in subdivision (2) of this rule, the decision shall be referred to the presiding judge who shall enter such orders and judgments as required to carry out the terms of the decision as provided under section 44.104~~(11)~~, Florida Statutes.

**FORM 1.902.        SUMMONS**

    **(a)        General Form.**

SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant ..........

    Each defendant is required to serve written defenses to the complaint or petition on ........., plaintiff's attorney, whose address is .........., within 20 days[1] after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ...........

        (Name of Clerk)
        As Clerk of the Court
        By _____ .
        As Deputy Clerk

    **(b)        Form for Personal Service on Natural Person.**

SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on defendant ..........

    DATED on ...........

        CLERK OF THE CIRCUIT COURT
(SEAL)

        (Name of Clerk)
        As Clerk of the Court

---

1.  Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

By _____.
As Deputy Clerk

## **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [*identify applicable court personnel by name, address, and telephone number*] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## **IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [*identify applicable court personnel by name, address, and telephone number*], por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir**

**esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter [identify applicable court personnel by name, address, and telephone number]au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## Enpòtan

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte [identify applicable court personnel by name], Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan [identify court personnel's address and telephone**

*number*], **fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

_____

Plaintiff/Plaintiff's Attorney

..........

..........

Address

Florida Bar No. ..........

> **(c)** **Forms for Service by Mail.**
>
> > (1)    *Notice of Lawsuit and Request for Waiver of Service of Process.*

NOTICE OF COMMENCEMENT OF ACTION

TO: (Name of defendant or defendant's representative)

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the (Circuit or County) Court for the .......... and has been assigned case no.: ..........

This is not a formal summons or notification from the court, but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 20 days (30 days if you do not reside in the United States) after the date you receive this notice and request for waiver. I have enclosed a stamped self-addressed envelope for your use. An extra copy of the notice and request, including the waiver, is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The lawsuit will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to respond to the complaint until 60 days after the date on which you received the notice and request for waiver.

If I do not receive the signed waiver within 20 days from the date you received the notice and the waiver of service of process form, formal service of process may be initiated in a manner authorized by the Florida Rules of Civil Procedure. You (or the party on whose behalf you are addressed) will be required to pay the full cost of such service unless good cause is shown for the failure to return the waiver of service.

I hereby certify that this notice of lawsuit and request for waiver of service of process has been sent to you on behalf of the plaintiff on ..........(date)..........

_____

Plaintiff's Attorney or

Unrepresented Plaintiff

(2)    *Waiver of Service of Process.*

WAIVER OF SERVICE OF PROCESS

TO: (Name of plaintiff's attorney or unrepresented plaintiff)

I acknowledge receipt of your request that I waive service of process in the lawsuit of .......... v. .......... in the .......... Court in .......... I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

(describe relationship to person or entity and authority to accept service)

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

DATED on ................

_____

Defendant or Defendant's

Representative

**Committee Notes**

- 18 -

**1988 Amendment.** Two forms are now provided: 1 for personal service on natural persons and 1 for other service by summons. The new form for personal service on natural persons is included to ensure awareness by defendants or respondents of their obligations to respond.

The summons form for personal service on natural persons is to be used for service on natural persons under the following provisions: sections 48.031 (service of process generally), 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.183 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state), Florida Statutes.

The former, general summons form is to be used for all other service by summons, including service under sections 48.061 (service on partnership), 48.071 (service on agents of nonresidents doing business in the state), 48.081 (service on corporation), 48.101 (service on dissolved corporations), 48.111 (service on public agencies or officers), 48.121 (service on the state), 48.131 (service on alien property custodian), 48.141 (service on labor unions), 48.151 (service on statutory agents for certain purposes), Florida Statutes, and all statutes providing for substituted service on the secretary of state.

The form for personal service on natural persons contains Spanish and French versions of the English text to ensure effective notice on all Floridians. In the event of space problems in the summons form, the committee recommends that the non-English portions be placed on the reverse side of the summons.

**1992 Amendment.** (b): The title is amended to eliminate confusion by the sheriffs in effecting service.

**1996 Amendment.** Form 1.902(c) was added for use with rule 1.070(i).

**2007 Amendment.** Subdivision (a) is amended to conform form 1.902 to the statutory requirements of sections 48.111, 48.121, and 768.28, Florida Statutes. The form is similar to Federal Rule of Civil Procedure Form 1.

**FORM 1.923.          EVICTION SUMMONS/ RESIDENTIAL**

EVICTION SUMMONS/RESIDENTIAL

TO: ........................

Defendant(s)

..............................

..............................

<u>PLEASE READ CAREFULLY</u>

      You are being sued by ........................ to require you to move out of the place where you are living for the reasons given in the attached complaint.

      You are entitled to a trial to determine whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturday, Sunday, or any legal holiday) after the date these papers were given to you or to a person who lives with you or were posted at your home.

      THE THINGS YOU MUST DO ARE AS FOLLOWS:

      (1)     Write down the reason(s) why you think you should not be forced to move. The written reason(s) must be given to the clerk of the court at ........................ County Courthouse

..............................
........................, Florida

      (2)     Mail or give a copy of your written reason(s) to:

..............................
Plaintiff/Plaintiff's Attorney
..............................
..............................
Address

      (3)     Pay to the clerk of the court the amount of rent that the attached complaint claims to be due and any rent that becomes due until the lawsuit is over. If you believe that the amount claimed in the complaint is incorrect, you should file with the clerk of the court a motion to have the court determine the amount to be paid. If you file a motion, you must attach to the motion any documents supporting your position and mail or give a copy of the motion to the plaintiff/plaintiff's attorney.

      (4)     If you file a motion to have the court determine the amount of rent to be paid to the clerk of the court, you must immediately contact the office of the judge to whom the case is

- 20 -

assigned to schedule a hearing to decide what amount should be paid to the clerk of the court while the lawsuit is pending.

---

IF YOU DO NOT DO ALL OF THE THINGS SPECIFIED ABOVE WITHIN 5 WORKING DAYS AFTER THE DATE THAT THESE PAPERS WERE GIVEN TO YOU OR TO A PERSON WHO LIVES WITH YOU OR WERE POSTED AT YOUR HOME, YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE

---

(5)     If the attached complaint also contains a claim for money damages (such as unpaid rent), you must respond to that claim separately. You must write down the reasons why you believe that you do not owe the money claimed. The written reasons must be given to the clerk of the court at the address specified in paragraph (1) above, and you must mail or give a copy of your written reasons to the plaintiff/plaintiff's attorney at the address specified in paragraph (2) above. This must be done within 20 days after the date these papers were given to you or to a person who lives with you. This obligation is separate from the requirement of answering the claim for eviction within 5 working days after these papers were given to you or to a person who lives with you or were posted at your home.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [*identify applicable court personnel by name, address, and telephone number*] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

~~You are commanded~~YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

DATED on ............~~......~~

(Name of Clerk)
As Clerk of the Court
By_____
As Deputy Clerk

NOTIFICACION DE DESALOJO/RESIDENCIAL

A: ............~~........~~
Demandado(s)

..........——————————
..........——————————

SIRVASE LEER CON CUIDADO

Usted esta siendo demandado por ..........———— para exigirle que desaloje el lugar donde reside por los motivos que se expresan en la demanda adjunta.

Usted tiene derecho a ser sometido a juicio para determinar si se le puede exigir que se mude, pero ES NECESARIO que haga TODO lo que se le pide a continuacion en un plazo de 5 días (no incluidos los sabados, domingos, ni días feriados) a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se colocaron en su casa.

USTED DEBERA HACER LO SIGUIENTE:

(1) Escribir el (los) motivo(s) por el (los) cual(es) cree que no se le debe obligar a mudarse. El (Los) motivo(s) debera(n) entregarse por escrito al secretario del tribunal en el ..........———— County Courthouse

..........——————————
..........————, Florida

(2) Enviar por correo o darle su(s) motivo(s) por escrito a:

..........——————————
Demandante/Abogado del Demandante
..........——————————
..........——————————
Dirección

(3) Pagarle al secretario del tribunal el monto del alquiler que la demanda adjunta reclama como adeudado, así como cualquier alquiler pagadero hasta que concluya el litigio. Si usted considera que el monto reclamado en la demanda es incorrecto, deberá presentarle al secretario del tribunal una moción para que el tribunal determine el monto que deba pagarse. Si usted presenta una moción, debera adjuntarle a esta cualesquiera documentos que respalden su posición, y enviar por correo o entregar una copia de la misma al demandante/abogado del demandante.

(4) Si usted presenta una moción para que el tribunal determine el monto del alquiler que deba pagarse al secretario del tribunal, deberá comunicarse de inmediato con la oficina del juez al que se le haya asignado el caso para que programe una audiencia con el fin de determinar el monto que deba pagarse al secretario del tribunal mientras el litigio esté pendiente.

SI USTED NO LLEVA A CABO LAS ACCIONES QUE SE ESPECIFICAN
ANTERIORMENTE EN UN PLAZO DE 5 DIAS LABORALES A PARTIR DE LA FECHA
EN QUE ESTOS DOCUMENTOS SE LE ENTREGARON A USTED O A UNA PERSONA
QUE VIVE CON USTED, O SE COLOQUEN EN SU CASA, SE LE PODRA DESALOJAR
SIN NECESIDAD DE CELEBRAR UNA AUDIENCIA NI CURSARSELE OTRO AVISO

(5)      Si la demanda adjunta también incluye una reclamación por daños y perjuicios pecunarios (tales como el incumplimiento de pago del alquiler), usted deberá responder a dicha reclamación por separado. Deberá exponer por escrito los motivos por los cuales considera que usted no debe la suma reclamada, y entregarlos al secretario del tribunal en la dirección que se especifica en el parrafo (1) anterior, así como enviar por correo o entregar una copia de los mismos al demandante/abogado del demandante en la dirección que se especifica en el parrafo (2) anterior. Esto deberá llevarse a cabo en un plazo de 20 días a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted. Esta obligación es aparte del requisito de responder a la demanda de desalojo en un plazo de 5 días a partir de la fecha en que estos documentos se le entregaron a usted o a una persona que vive con usted, o se coloquen en su casa.

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con [*identify applicable court personnel by name, address, and telephone number*], por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

CITATION D'EVICTION/RESIDENTIELLE

A: ........................

Defendeur (s)

........................

........................

LISEZ ATTENTIVEMENT

Vous etes poursuivi par ........................ pour exiger que vous evacuez les lieux de votre residence pour les raisons enumerees dans la plainte ci-dessous.

Vous avez droit a un proces pour determiner si vous devez demenager, mais vous devez, au prealable, suivre les instructions enumerees ci-dessous, pendant les 5 jours (non compris le samedi, le dimanche, ou un jour ferie) a partir de la date ou ces documents ont ete donnes a vous ou a la personne vivant avec vous, ou ont ete affiches a votre residence.

LISTE DES INSTRUCTIONS A SUIVRE:

(1)      Enumerer par ecrit les raisons pour lesquelles vous pensez ne pas avoir a demenager. Elles doivent etre remises au clerc du tribunal a ..................... County Courthouse

.....................
....................., Florida

(2)      Envoyer ou donner une copie au:

.....................
Plaignant/Avocat du Plaignant
.....................
.....................
Adresse

(3)      Payer au clerc du tribunal le montant des loyers dus comme etabli dans la plainte et le montant des loyers dus jusqu'a la fin du proces. Si vous pensez que le montant etabli dans la plainte est incorrect, vous devez presenter au clerc du tribunal une demande en justice pour determiner la somme a payer. Pour cela  vous devez attacher a la demande tous les documents soutenant votre position et faire parvenir une copie de la demande au plaignant/avocat du plaignant.

(4)      Si vous faites une demande en justice pour determiner la somme a payer au clerc du tribunal, vous devrez immediatement prevenir le bureau de juge qui presidera au proces pour fixer la date de l'audience qui decidera quelle somme doit etre payee au clerc du tribunal pendant que le proces est en cours.

---

SI VOUS NE SUIVEZ PAS CES INSTRUCTIONS A LA LETTRE DANS LES 5 JOURS QUE SUIVENT LA DATE OU CES DOCUMENTS ONT ETE REMIS A VOUS OU A LA PERSONNE HABITANT AVEC VOUS, OU ONT ETE AFFICHES A VOTRE RESIDENCE, VOUS POUVEZ ETRE EXPULSES SANS AUDIENCE OU SANS AVIS PREALABLE

---

(5)      Si la plainte ci-dessus contient une demande pour dommages pecuniaires, tels des loyers arrieres, vous devez y repondre separement. Vous devez enumerer par ecrit les raisons pour lesquelles vous estimez ne pas devoir le montant demande. Ces raisons ecrites doivent etre donnees au clerc du tribunal a l'adresse specifiee dans le paragraphe (1) et une copie de ces raisons donnee ou envoyee au plaignant/avocat du plaignant a l'adresse specifiee dans le paragraphe (2). Cela doit etre fait dans les 20 jours suivant la date ou ces documents ont ete presentes a vous ou a la personne habitant avec vous. Cette obligation ne fait pas partie des instructions a suivre en reponse au proces d'eviction dans les 5 jours suivant la date ou ces documents ont ete presentes a vous ou a la personne habitant avec vous, ou affiches a votre residence.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte [*identify applicable court personnel by name*], Kòdonatris pwogram Lwa**

**Ameriken pou Moun ki Enfim yo nan [*identify court personnel's address and telephone number*], fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

### Committee Notes

**1988 Adoption.** This form was added to inform those sought to be evicted of the procedure they must follow to resist eviction.

**1996 Amendment.** This is a substantial revision of form 1.923 to comply with the requirements of section 83.60, Florida Statutes, as amended in 1993.

**FORM 1.984.** **JUROR VOIR DIRE QUESTIONNAIRE**

JURY QUESTIONNAIRE

Instructions to Jurors

You have been selected as a prospective juror. It will aid the court and help shorten the trial of cases if you will answer the questions on this form and return it in the enclosed self-addressed stamped envelope within the next two days. Please complete the form in blue or black ink and write as dark and legibly as you can.

1. Name (print) _____
 (first)          (middle)          (last)

2. Residence address _____

3. Years of residence    In Florida _____
                          In this county _____
4. Former residence _____

5. Marital status (married, single, divorced, widow, or widower) _____

6. State the highest level of education you completed

 _____ Less than high school          _____ Some college

 _____ High school                    _____ Associate degree

 _____ Vocational/Technical school    _____ College degree

 _____ Post graduate degree

7. Your occupation and employer _____

78. If you are not now employed, give your last occupation and employer _____

89. If married, name and occupation of husband or wife _____

910. Have you served as a juror before? _____

1011. Have you or any immediate member of your family been a party to any lawsuit? _____
 If so, when and in what court? _____

1112. Are you either a close friend of or related to any law enforcement officer? _____

1213. Has a claim for personal injuries ever been made against you or any member of your family?

1314. Have you or any member of your family ever made any claim for personal injuries? ____

_____

Juror's Signature

**FORM 1.996(a).**     **FINAL JUDGMENT OF FORECLOSURE**

FINAL JUDGMENT

This action was tried before the court. On the evidence presented

IT IS ADJUDGED that:

| | | | |
|---|---|---|---|
| **1.** | **Amounts Due.** | Plaintiff, .........(name and address)........., is due | |
| | | Principal | $......... |
| | | Interest to date of this judgment | ......... |
| | | Title search expenses | ......... |
| | | Taxes | ......... |
| | | Attorneys' fees total | ......... |
| | | Court costs, now taxed | ......... |
| | | Other: ............. | ......... |
| Subtotal | | | $......... |
| | | LESS: Escrow balance | ......... |
| | | LESS: Other | ......... |
| **TOTAL** | | | $......... |

That shall bear interest at a rate of 7% per year.

2.     **Lien on Property.** Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in .......... County, Florida:

(describe property)

3.     **Sale of Property.** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on .........(date)........., to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at .....(street address of courthouse)..... in .......... County in .........(name of city)........., Florida, in accordance with section 45.031, Florida Statutes (2013), using the following method (CHECK ONE):



....... At ........(location of sale at courthouse; e.g., north door)........, beginning at ........ (time of sale)........ on the prescribed date.

....... By electronic sale beginning at ........(time of sale)........ on the prescribed date at ........(website)..........

**4. Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

**5. Distribution of Proceeds.** On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending further order of this court.

**6. Right of Redemption/Right of Possession.** On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes (2013) shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property, subject to the rights of a tenant occupying residential premises pursuant to section 83.561, Florida Statutes.

**7. Attorneys' Fees.**

[If a default judgment has been entered against the mortgagor]

Because a default judgment has been entered against the mortgagor and because the fees requested do not exceed 3% of the principal amount owed at the time the complaint was filed, it is not necessary for the court to hold a hearing or adjudge the requested attorneys' fees to be reasonable.

[If no default judgment has been entered against the mortgagor]

The court finds, based upon the affidavits/testimony presented and upon inquiry of counsel for the plaintiff that _____.......... hours were reasonably expended by plaintiff's counsel and that an hourly rate of $_____.......... is appropriate. Plaintiff's counsel represents that the attorneys' fees awarded does not exceed its contract fee with the plaintiff. The court finds that there is/are no reduction or enhancement factors for consideration by the court pursuant to *Florida Patients Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). (If the

court has found that there are reduction or enhancement factors to be applied, then such factors must be identified and explained herein).

[If the fees to be awarded are a flat fee]

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

**8.** **Jurisdiction Retained.** Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

[If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type:]

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CONTACT THE CLERK OF THE COURT,** (INSERT INFORMATION FOR APPLICABLE COURT) **WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT** (INSERT LOCAL OR NEAREST

LEGAL AID OFFICE AND TELEPHONE NUMBER) **TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT** (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

ORDERED at .........., Florida, on .....…..(date)..........................................

_____
Judge

**NOTE:** Paragraph 1 must be varied in accordance with the items unpaid, claimed, and proven. The form does not provide for an adjudication of junior lienors' claims nor for redemption by the United States of America if it is a defendant. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; _Hott Interiors, Inc. v. Fostock_, 721 So.2d 1236 (Fla. 4th DCA 1998).

### Committee Notes

**1980 Amendment.** The reference to writs of assistance in paragraph 7 is changed to writs of possession to comply with the consolidation of the 2 writs.

**2010 Amendment.** Mandatory statements of the mortgagee/property owner's rights are included as required by the 2006 amendment to section 45.031, Florida Statutes. Changes are also made based on 2008 amendments to section 45.031, Florida Statutes, permitting courts to order sale by electronic means.

Additional changes were made to bring the form into compliance with chapters 718 and 720 and section 45.0315, Florida Statutes, and to better align the form with existing practices of clerks and practitioners. The breakdown of the amounts due is now set out in column format to simplify calculations. The requirement that the form include the address and social security number of all defendants was eliminated to protect the privacy interests of those defendants and in recognition of the fact that this form of judgment does not create a personal final money judgment against the defendant borrower, but rather an in rem judgment against the property. The address and social security number of the defendant borrower should be included in any deficiency judgment later obtained against the defendant borrower.

**2014 Amendment.** These amendments added titles, updated statutory reference to time for right of redemption, and added a paragraph on attorneys' fees.

**2019 Amendment.** An amendment to paragraph 6 is intended to notify all involved in mortgage foreclosure proceedings of section 83.561, Florida Statute (2015), Termination of Rental Agreement upon Foreclosure, by adding language from the statute.

**FORM 1.996(b).  FINAL JUDGMENT OF FORECLOSURE FOR REESTABLISHMENT OF LOST NOTE**

FINAL JUDGMENT

This action was tried before the court. On the evidence presented

IT IS ADJUDGED that:

| | | | |
|---|---|---|---|
| **1.** | **Amounts Due.** | Plaintiff, ....…..(name and address)….….., is due | |
| | | Principal | $..........₌ |
| | | Interest to date of this judgment | ..........₌ |
| | | Title search expenses | ..........₌ |
| | | Taxes | ..........₌ |
| | | Attorneys' fees total | ..........₌ |
| | | Court costs, now taxed | ..........₌ |
| | | Other: ..........…... | ..........₌ |
| Subtotal | | | $..........₌ |
| | | LESS: Escrow balance | ..........₌ |
| | | LESS: Other | ..........₌ |
| **TOTAL** | | | $..........₌ |

**2.  Lien on Property.** Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property .......... County, Florida:

(describe property)

**3.  Sale of Property.** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on ....…..(date)…….., to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at ....…..(street address of courthouse) …….. in .......... County in ....…..(name of city)…….., Florida, in accordance with section 45.031, Florida Statutes (2013), using the following method (CHECK ONE):



..... At .....⁔⁔⁔(location of sale at courthouse; *e.g.*, north door)⁀....., beginning at .....⁔⁔⁔(time of sale)⁔⁔⁔⁔..... on the prescribed date.

..... By electronic sale beginning at .....⁔⁔⁔(time of sale)⁔⁔⁔..... on the prescribed date at .....⁔⁔⁔(website)⁔⁔.......

**4. Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

**5. Distribution of Proceeds.** On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending further order of this court.

**6. Right of Redemption/Right of Possession.** On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes (2013) shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property, subject to the rights of a tenant occupying residential premises pursuant to section 83.561, Florida Statutes.

**7. Attorneys' Fees.**

[If a default judgment has been entered against the mortgagor]

Because a default judgment has been entered against the mortgagor and because the fees requested do not exceed 3% of the principal amount owed at the time the complaint was filed, it is not necessary for the court to hold a hearing or adjudge the requested attorneys' fees to be reasonable.

[If no default judgment has been entered against the mortgagor]

The court finds, based upon the affidavits/testimony presented and upon inquiry of counsel for the plaintiff that ⁔⁔......... hours were reasonably expended by plaintiff's counsel and that an hourly rate of $⁔⁔⁔......... is appropriate. Plaintiff's counsel represents that the attorney fee awarded does not exceed its contract fee with the plaintiff. The court finds that there are no reduction or enhancement factors for consideration by the court pursuant to *Florida Patients Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). (If the court has found that

there are reduction or enhancement factors to be applied, then such factors must be identified and explained herein).

[If the fees to be awarded are a flat fee]

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

**8. Re-establishment of Lost Note.** The court finds that the plaintiff has re-established the terms of the lost note and its right to enforce the instrument as required by applicable law. Plaintiff shall hold the defendant(s) maker of the note harmless and shall indemnify defendant(s) for any loss defendant(s) may incur by reason of a claim by any other person to enforce the lost note. Adequate protection has been provided as required by law by the following means: .......... (identify means of security under applicable law: a written indemnification agreement, a surety bond, include specific detail) ..........

Judgment is hereby entered in favor of the plaintiff as to its request to enforce the lost note.

**9. Jurisdiction Retained.** Jurisdiction of this action is retained to enforce the adequate protection ordered and to enter further orders that are proper including, without limitation, a deficiency judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

[If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type:]

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT,** (INSERT INFORMATION FOR APPLICABLE COURT) **WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM**

**THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT** (INSERT LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT** (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

ORDERED at .........., Florida, on ....-----(date)----.......

_____
Judge

NOTE: Paragraph 1 must be varied in accordance with the items unpaid, claimed, and proven. The form does not provide for an adjudication of junior lienors' claims or for redemption by the United States of America if it is a defendant. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; *Hott Interiors, Inc. v. Fostock*, 721 So. 2d 1236 (Fla. 4th DCA 1998).

**Committee Note**

**2014 Amendment.** This new form is to be used when the foreclosure judgment re-establishes a lost note.

**2019 Amendment.** The amendment to paragraph 6 is intended to notify all involved in mortgage foreclosure proceedings of section 83.561, Florida Statutes (2015), Termination of Rental Agreement upon Foreclosure, by adding language from the statute.

## APPENDIX I— STANDARD INTERROGATORIES FORMS

**FORM 1.  GENERAL PERSONAL INJURY NEGLIGENCE— INTERROGATORIES TO PLAINTIFF**

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.  What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.  List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

3.  List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.

4.  Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

5.  Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

6.  Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

7.  Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

8.  Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

9.  Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

10. Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding this charge, and, if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

11. Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

12. List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

13. Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

14. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

15. List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

16. List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

17. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

18. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

19.     State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, ~~motion picture, videotape~~audio recording, visual recording, audiovisual recording, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

20.     Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

21.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

22.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**FORM 2.     GENERAL PERSONAL INJURY NEGLIGENCE — INTERROGATORIES TO DEFENDANT**

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.     What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.     List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, and your date of birth.

3.     Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

4.     Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

5.    Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

6.    Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7.    State the facts upon which you rely for each affirmative defense in your answer.

8.    Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9.    Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

10.    List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

11.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

12.    State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, ~~motion picture, videotape~~audio recording, visual recording, audiovisual recording, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.    Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

14.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

15.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.